UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

ETHEARD ESTIME,

Plaintiff,

-against-

COUNTY OF NASSAU, ROBERT BECKER, Individually, and JOHN AND JANE DOE 1-10, Individually (the names John and Jane being fictitious, as the true names are presently unknown),

Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

Jury Trial Demanded

Plaintiff ETHEARD ESTIME, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff ETHEARD ESTIME is a forty-three-year-old man residing in Elmont, NY 11003.

7. Defendant COUNTY OF NASSAU was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant COUNTY OF NASSAU maintains the Nassau County Correctional Center, which is staffed by Nassau County Sheriff Officers employed by the Nassau County Sheriff's Department (hereinafter "NCSD"), a duly authorized public authority authorized to perform all functions of a correction department as per the applicable sections of the aforementioned municipal corporation, COUNTY OF NASSAU.

9. That at all times mentioned hereinafter, the individually named defendant ROBERT BECKER was a duly sworn sheriff's officer of said department and was acting under the supervision of said department and according to their official duties.

10. That at all times mentioned hereinafter, the individually named defendants, JOHN and JANE DOE 1 through 10, were duly sworn sheriff officers of said department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the COUNTY OF NASSAU.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant COUNTY OF NASSAU.

**FACTS**

13. Plaintiff's claims arise from an incident that occurred on April 19, 2023, at approximately 7:00 am,, while plaintiff was being processed in central booking at Nassau County District Court, 99 Main Street, Hempstead, New York, by Nassau County Sheriff's Department officers ("NCSD").

14. Plaintiff ETHEARD ESTIME was standing with his hands on the wall. He explained that he had already been searched multiple times when defendant ROBERT BECKER told him to "shut up" and roughly grabbed his neck.

15. Plaintiff explained that being rough with him unnecessary. NCSD officer BECKER was holding his hand and asked if he had anything sharp. Plaintiff responded saying no and that he had already been searched five times. Defendant BECKER responded that he did not care if plaintiff had already been searched five times and slapped him on the back of his head and ear.

16. Defendants JOHN DOE 1 through 5 attacked plaintiff and *inter alia* took him down to the floor or otherwise witnessed this misconduct yet failed to intercede.

17. Plaintiff was further assaulted by defendant officers without cause or justification.

18. After the use of excessive force, plaintiff was placed in a cell.

19. While plaintiff was in the cell, a Nassau County Police Department Officer came and informed them that plaintiff could not see the judge due to his obvious injuries and that he had to go to the hospital before he could be arraigned.

20. Plaintiff was taken to Nassau University Medical Center located at 2201 Hempstead Tpke, East Meadow, NY 11554 and was treated for approximately ten hours. Plaintiff was diagnosed with, inter alia, approximately 2-3 rib fractures, and was prescribed pain medication.

21. After plaintiff was discharged, he was sent to a holding cell in Nassau precinct and was thereafter sent back to Nassau County District Court, where he was eventually arraigned and released on his own recognizance.

22. After returning home plaintiff went to Mercy Hospital located at 1000 N. Village Avenue, Rockville Centre, NY 11570 where doctors further confirmed that plaintiff's ribs were fractured.

23. COUNTY OF NASSAU officers who witnessed illegal or otherwise improper conduct by their fellow officers had an affirmative duty to intercede to stop any such misconduct being committed in their presence yet failed to do so.

24. As a direct result of the actions of NCSO employees, plaintiff sustained injuries, including without limitation, fractured ribs, pain and suffering, and emotional distress.

25. Plaintiff's injuries herein were caused by the intentional and/or careless, reckless, or negligent acts of NCSO employees, who were on duty and acting in the scope of their employment, and engaged in their regular duties, and under the supervision of the State when they engaged in the wrongful conduct described herein.

26. NCSO employees owed a duty to plaintiff to ensure his safety while in their custody, which said employees breached, resulting in injuries to plaintiff.

27. The County knew or should have known about the employees' propensity to engage in wrongful acts such as those alleged herein and negligently trained and supervised its

officers and employees involved in the foregoing acts of misconduct, which included, inter alia, excessive force and negligence.

28. Defendants JOHN and JANE DOE 1 through 10 either directly participated in or failed to intervene in the above despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise directly participated in the aforementioned misconduct.

29. All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

30. All of the aforementioned acts deprived plaintiff ETHEARD ESTIME of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

31. As a result of the foregoing, plaintiff ETHEARD ESTIME sustained, *inter alia*, serious physical injuries, emotional distress, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. The level of force employed by defendants was excessive, objectively unreasonable, and otherwise in violation of plaintiff ETHEARD ESTIME'S constitutional rights.

34. As a result of the aforementioned conduct of defendants, plaintiff ETHEARD ESTIME was subjected to excessive force and sustained serious physical injuries and emotional distress.

35. As a result of the foregoing, plaintiff ETHEARD ESTIME is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants had an affirmative duty to intervene on behalf of plaintiff ETHEARD ESTIME, whose constitutional rights were being violated in their presence by other officers.

38. Defendants failed to intervene to prevent the unlawful conduct described herein.

39. As a result of the foregoing, plaintiff ETHEARD ESTIME was subjected to excessive force, and he was put in fear of his safety.

40. As a result of the foregoing, plaintiff ETHEARD ESTIME is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43. The COUNTY OF NASSAU engaged in a policy, custom or practice of using excessive force and inadequate screening, hiring, retaining, training, and supervising its employees regarding the use of force that was the moving force behind the violation of plaintiff ETHEARD ESTIME'S rights as described herein. As a result of the failure of the COUNTY OF NASSAU to properly train, discipline, and supervise its officers, defendant COUNTY OF NASSAU has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

44. The foregoing customs, policies, usages, practices, procedures, and rules of the COUNTY OF NASSAU constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff ETHEARD ESTIME.

45. The foregoing customs, policies, usages, practices, procedures, and rules of the COUNTY OF NASSAU were the direct and proximate cause of the constitutional violations suffered by plaintiff ETHEARD ESTIME as alleged herein.

46. The foregoing customs, policies, usages, practices, procedures, and rules of the COUNTY OF NASSAU were the moving force behind the Constitutional violations suffered by plaintiff ETHEARD ESTIME as alleged herein.

47. As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the COUNTY OF NASSAU, plaintiff ETHEARD ESTIME was subjected to physical abuse.

48. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ETHEARD ESTIME's constitutional rights.

49. All of the foregoing acts by defendants deprived plaintiff ETHEARD ESTIME of

federally protected rights, including, but not limited to, the right:

A. To be free from excessive force; and

B. To be free from the failure to intervene.

50. As a result of the foregoing, plaintiff ETHEARD ESTIME is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE**, plaintiff ETHEARD ESTIME demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
March 4, 2026

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff ETHEARD ESTIME
233 Broadway, Suite 1720
New York, New York 10279
(212) 335-0132

By: Brett Klein
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ETHEARD ESTIME,

Plaintiff,

-against-

COUNTY OF NASSAU, ROBERT BECKER, Individually, and JOHN AND JANE DOE 1-10, Individually (the names John and Jane being fictitious, as the true names are presently unknown),

Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
233 Broadway, Suite 1720
New York, New York 10279
(212) 335-0132